IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JONATHON L. HEATH,

            Petitioner,          Civil No. 05-1333-TC

         v.                  FINDINGS AND
                                  RECOMMENDATION

HARDY MEYERS,

            Respondent.

COFFIN, Magistrate Judge.

Petitioner filed a petition under 28 U.S.C. § 2254 challenging his December 22, 2003 conviction for assault on a public safety officer - II and harassment on various grounds.

A state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. Keeney v. Tamayo-Reyes, 112 S.Ct. 1715, 1720 (1992); Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

1 - FINDINGS AND RECOMMENDATION

A prisoner satisfies the exhaustion requirement by "fairly" presenting his claims to the highest state court with jurisdiction to consider them. Keeney, 112 S.Ct. at 1720; Picard v. Connor, 404 U.S. 270, 276 (1971). A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts and the legal theory on which his claim is based. Anderson v. Hareless, 459 U.S. 4, 6 (1982); Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986).

"When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993); Sawyer v. Whitley, 112 S.Ct. 2514, 2518 (1992); Keeney, 112 S.Ct. at 1718-19.

"'Cause' is a legitimate excuse for the default and 'prejudice' is actual harm resulting from the alleged constitutional violation." Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). In the extraordinary case, cause for procedural default may be established "where a constitutional violation has probably resulted in the conviction of one who

is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986); Keeney, 112 S.Ct. at 1721; Noltie, 9 F.3d at 806.

In this case, petitioner alleges that he appealed his convictions and has filed a state post conviction petition on grounds of ineffective assistance of counsel and "failure to investigate case." Petitioner does not allege that he raised the grounds for relief alleged in the petition before the court in any state proceeding. Therefore he has either failed to exhaust or procedurally default his federal claims and has not alleged any cause and prejudice for such default.

Moreover, petitioner alleges that his state appeal and post conviction proceeding are "pending."

To proceed with a federal habeas corpus petition, 28 U.S.C § 2254(b)(1) requires petitioners to "exhaust" state remedies on all claims alleged in the petition, unless it appears there is an absence of state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights.[1] Generally, this exhaustion requirement is satisfied if a petitioner "fairly presents"

---

[1] 28 U.S.C. § 2254(b)(2) (1977) allows federal courts to *deny* applications for habeas corpus relief on the merits notwithstanding an applicants failure to exhaust available state remedies, if it will save state and federal judicial resources. See, Liebman andd Hertz, *Federal Habeas Corpus Practice and Procedure, 1996 Cumulative Supplement to Volumns 1 and 2,* pg. 161 (2nd Ed. 1996).

his federal claims to the appropriate state court, thereby "afford[ing] the state courts meaningful opportunity to consider [the] allegations of legal error." Vasquez v. Hillary, 474 U.S. 254, 257 (1986) (quoting Picard v. Conner, 404 U.S. 270, 275-76 (1971). The exhaustion requirement's purpose is "to give the State the 'opportunity to pass upon and correct' alleged violations of it's prisoner's federal rights ..." Duncan v. Henry, 513 U.S. 364, 365 (1995).

In Rose v. Lundy 455 U.S. 509 (1982), the United States Supreme Court indicated that the exhaustion requirement's touchstone is that no state remedies are available when the § 2254 petition is filed. All state remedies are unavailable when the federal claims have been "fairly presented to the highest state court. Picard v. Conner, supra,; Schwartzmiller v. Gardner, 752 F.2d 1341, 1344 (9th Cir. 1984). A claim is "fairly presented" if the legal basis of the federal constitutional claim is actually addressed; merely detailing the facts surrounding a claim is insufficient. Picard v. Conner, supra; Anderson v. Harless, 459 U.S. 4 (1982). See also, Duncan v. Henry, supra. Additionally, a claim is not fairly presented and therefore unavailable if it is raised in a "procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (claim first raised on petition for discretionary review to

4 - FINDINGS AND RECOMMENDATION

state Supreme Court).

Furthermore, petitioners must exhaust their claims by presenting them to the state courts even if doing so appears futile. In Engle v. Isaac, 456 U.S. 107 (1982), the Court said: "If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even if a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid. 456 U.S. at 130; see also, Noltie v. Peterson, 9 F.3d 802, 805-806 (9th Cir. 1993) (rejecting futility doctrine argument and requiring petitioner to present his claim to the Washington Supreme Court even though petitioner argued that the court already rejected his claim).

If any of a petitioner's claims are not exhausted at the time his federal habeas corpus petition is filed, district courts should dismiss the petition. In Coleman v. Thompson, 501 U.S. 722 (1993), the Court stated that "[t]his Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims ... This exhaustion requirement is ... grounded in principles of comity.]" Id. at 722 See also, James v. Borg, 24 F.3d 20, 24

(9th Cir) ("In general, a habeas petition should be dismissed if a petitioner has failed to exhaust state remedies as to even one claim") cert. denied, 115 S.Ct. 333 (1994).

Finally, the appropriate time to determine whether claims are exhausted is the date the petitioner files his federal habeas corpus petition. "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." Brown v. Maass, 11 F.3d 914, 915 (9th Cir. 1993). (citing White v. Lewis, 874 F.2d 599, 602 (9th Cir. 1989); Mathis v. Oshiro, 683 F.2d 318, 321 (1981)). If an available state remedy still exists when the petition is filed, the proper ground for dismissing the petition is failure to exhaust, not procedural default. Id at 914.

Because petitioner has not exhausted his available state remedies on the grounds he raises in his 28 U.S.C. § 2254 petition, and has state court proceedings pending, the Petition (#8) should be denied without prejudice. This proceeding should be dismissed.

DATED this 11th day of October, 2005.

Thomas M. Coffin
United States Magistrate Judge